ANTHONY S. LAMB, JR. *vs.* ALTON A. FEYLER.

JUNE 3, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence. The case was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. Defendant excepted to this decision and has duly prosecuted his bill of exceptions to this court.

The cause of action arose out of a collision between two automobiles at the intersection of Auburn and Magnolia streets in the city of Cranston. The accident occurred in the daytime and there were no unusual conditions of weather, highway, or traffic. Auburn street runs generally east and west and crosses Magnolia street, which runs approximately north and south. Just before the collision occurred an employee of the plaintiff was driving his Ford semi-van truck, which was loaded with three tons of soap, southerly over and along Magnolia street, and the defendant was driving his Ford station wagon easterly along Auburn street. After the collision the plaintiff's truck was over on the easterly side of Magnolia street, still headed in a southerly direction and the defendant's automobile was partly on the lawn of the lot at the southwesterly corner of the two streets.

Plaintiff's driver testified that he was driving about 20 miles per hour on his right-hand side of Magnolia street, about three feet from the right curb of that street; and that, as he approached Auburn street, he reduced his speed to 15 miles per hour. He further testified that prior to entering the intersection he sounded his horn, looked to his left and then to his right and, when his truck was about eight or nine feet past the curb line into the intersection, it was hit by the defendant's automobile. The impact knocked the plaintiff's

driver from his seat, and his foot from the foot brake, whereupon the automobile rolled about 90 or 95 feet before he could resume his seat and apply the hand or emergency brake. He testified that the impact had made the hydraulic foot brake useless.

Plaintiff's driver was substantially corroborated in almost all of his testimony by a helper who was riding in the seat beside him. This witness further testified that defendant's automobile was partly over on its left-hand side of Auburn street and that it crashed into the right front side of plaintiff's truck shortly after the truck had gone about three or four feet into Auburn street. He also testified that there was a hedge along the lot abutting on the westerly side of Magnolia street which obstructed the view of the driver of the truck down Auburn street to his right until he got beyond the abutting line of that lot on Auburn street.

Defendant testified that he was driving his automobile easterly along Auburn street, about in the middle of the street, at a speed of 20 miles an hour and that he slowed down to 10 miles an hour as he approached the line of its intersection with Magnolia street. He further testified that he was about eight feet from that line when he saw the top of the plaintiff's truck over the hedge to his left, and that he first saw the truck itself when it was five feet from the intersecting line of Auburn street. He also testified that when his automobile got about five feet into the intersection it was hit by the plaintiff's truck.

After the conclusion of the evidence and after he had heard arguments of counsel, the trial justice rendered his decision from the bench. He reviewed the evidence at considerable length with reference to the question of the defendant's negligence but did not expressly refer to the question of plaintiff's contributory negligence. However, since he decided the case in favor of the plaintiff and since proof of freedom from contributory negligence is one of the essential elements of the plaintiff's case, we must assume, in the absence of any expression to the contrary, that he found the plaintiff had

proved all the vital elements of his case. Nevertheless, we are frank to say that where the trial justice fails to review the evidence and make a finding on so important an issue as contributory negligence in a case of this kind, his decision on such issue is lacking in the persuasive force that it would otherwise have if he had therein discussed the evidence on that issue. The expression of the trial justice's considered judgment on each essential element of a case tried in the superior court without a jury is of great assistance on a review of his decision. This is especially true where in such a case the decision is for the plaintiff, who has the burden of proving every element of his case.

Defendant, in these appellate proceedings, is questioning the decision of the trial justice only on the issue of the contributory negligence of the plaintiff's driver. He contends first that the evidence on this issue is substantially undisputed and that on such evidence the trial justice should have found as a matter of law that the plaintiff's driver was negligent. He also contends that under all the evidence the implied finding of the trial justice on this issue was clearly wrong.

We have examined the evidence on the question of the negligence of the plaintiff's driver, and we are of the opinion that such evidence is substantially undisputed. This being so, we have weighed and analyzed it, unaffected by the trial justice's decision, as is our right and power under such circumstances. *Stiness* v. *Brennan,* 51 R. I. 284. However, after such consideration of the evidence, we are of the opinion that the plaintiff's driver was, under all the circumstances, in the exercise of due care. Perhaps a brief statement of our view of the evidence will show why we have come to that conclusion and why we could not find, on the undisputed facts, that the plaintiff's driver should be deemed to have been negligent as a matter of law.

It is clear from the evidence that just before the plaintiff's driver entered the intersection he slowed down the speed of his truck and first looked to the left, whence would come any

traffic likely to cross his path first, and that he then looked to his right, whence traffic would not reasonably be expected to cross his path until he had reached the middle line of Auburn street. As he looked the second time, the front of his truck was not more than eight or nine feet, and probably a less distance, beyond the intersecting curb line of Auburn street, which street, according to the testimony, is 30 feet wide between curbs.

If the truck was nine feet beyond the curb line into the intersection, it still had six feet to travel to reach the middle line of Auburn street. Before it could do so, it was struck by defendant's automobile. Now where was defendant driving on Auburn street at this moment? He testified that he was driving "Right in the middle." Plaintiff's helper testified that defendant was driving on the left of the middle line of Auburn street. It is apparent from this testimony that defendant's automobile collided with the plaintiff's truck in that part of the intersection of the two streets, which was to the plaintiff's right of the middle line of Magnolia street and to the defendant's left of the middle line of Auburn street.

On this view of the evidence, this case is clearly not ruled by *Dembicer* v. *Pawtucket Cabinet & Builders Finishing Co.*, 58 R. I. 451, as defendant strongly contends. Here the plaintiff was bound to look first to his left and he did so. He was also entitled to rely on the fact that no one would be approaching on his right and traveling on the left of the middle line of Auburn street into its intersection with Magnolia street, contrary to the statutory rule of the road. He was not required to bring his truck to a stop and look in both directions before starting to cross, as long as he had his truck under control and was able to stop at the approach of danger, when it was reasonably to be expected from his right.

In the *Dembicer* case the plaintiff saw the defendant's truck approaching from his right about 25 or 30 feet away. He nevertheless drove across the intersecting street because he said he was sure he could drive across safely, but his auto-

mobile was hit when it was three-quarters of the way through the intersection.

In the instant case it could fairly be said that the plaintiff never had a reasonable opportunity to look to his right after he had first looked to his left, as defendant testified concerning plaintiff's speed: "I hit him so fast I don't recall whether he slowed down or not." Taking this statement, in connection with the fact that the defendant was driving on his left-hand side of Auburn street, even as he entered the intersection, it is obvious that the facts of this case are fundamentally different from the *Dembicer* case.

On the contrary, in so far as the place of the collision of the two automobiles is concerned, it resembles *Pimpare* v. *McNamara,* 58 R. I. 515, 518, decided in the same month and year as the *Dembicer* case. There it was contended that the trial justice erred in not considering the statutory rule of the road governing the right of way at intersections. We held there was no necessity for him to do so in the circumstances appearing therein and pointed out that the collision occurred because the automobile coming from the right was traveling on its left of the middle line of the highway.

We are therefore of the opinion that the trial justice did not err in deciding for the plaintiff.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*John A. Enos,* for plaintiff.

*Henry M. Boss, Francis W. Conlan,* for defendant.